MEYLAN DAVITT JAIN AREVIAN & KIM LLP
ROBERT L. MEYLAN (State Bar No. No. 144031)
rmeylan@mdjalaw.com
444 South Flower Street, Suite 1850
Los Angeles, California 90071
Telephone: (213) 225-6000 / Facsimile: (213) 225-6660

Attorneys for Plaintiff Honda Trading America Corporation

DAVID J. LENDER (*pro hac vice*)
david.lender@weil.com
767 Fifth Avenue
New York, NY  10153
Telephone: (212) 310-8000 / Facsimile: (212) 310-8007

DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA  94065
Telephone: (650) 802-3000 / Facsimile: (650) 802-3100

Attorneys for Defendant BASF Corporation

*NOTE CHANGES MADE BY THE COURT*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONDA TRADING AMERICA CORPORATION, a California corporation,<br><br>            Plaintiff,<br><br>v.<br><br>BASF CORPORATION, a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>            Defendants. | CASE NO. 2:20-cv-04375 JWH (AGR)<br><br>[PROPOSED] **PROTECTIVE ORDER**<br><br>*NOTE CHANGES MADE BY THE COURT*<br>Honorable Alicia G Rosenberg<br>United States Magistrate Judge<br>Courtroom 550<br><br>Action Filed: May 14, 2020 |

Having reviewed the Stipulation and Proposed Protective Order signed by the parties to this action and filed with the Court on February 26, 2021, the Court hereby enters the terms of the Stipulation as an Order of this Court, as follows:

1. <u>Definitions</u>: In this Stipulation and Protective Order (or "Order"), the words set forth below shall have the following meanings:

   a. "Proceeding" means the above-entitled proceeding Case No. 2:20-cv-04375 JWH (AGR).

   b. "Court" means the Honorable John W. Holcomb, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

   c. "CONFIDENTIAL information" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, provided by or on behalf of a Designating Party, which is believed in good faith by the Designating Party or the Designating Party's counsel, to contain non-public material and: (a) constitute or contain material or information concerning which the Designating Party has an obligation of confidentiality to a Non-Party; or (b) the Designing Party believes constitutes or contains confidential research, personal or commercial information.

   d. "Designating Party" means a Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

   e. "Disclosure" or "Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

   f. "Experts" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Proceeding.

MEYLAN DAVITT
JAIN AREVIAN & KIM LLP

g. "HIGHLY CONFIDENTIAL information" means any CONFIDENTIAL information that the Designating Party believes, in good faith, is so sensitive that its disclosure, even if limited by the restrictions placed on CONFIDENTIAL information in this Protective Order, could cause competitive harm or injury to the Designating Party. For the avoidance of doubt, HIGHLY CONFIDENTIAL information includes documents reflecting negotiations with suppliers and others relating to catalytic converter materials and platinum group metals, terms of agreements relating to catalytic converter materials and platinum group metals, pricing of products and materials, competitive strategy, and purchasing strategy.

h. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Proceeding.

i. "Party or Parties" means any party to this Proceeding, including all of its officers, directors, employees, consultants, retained experts, and in-house counsel.

j. "Producing Party" means a Party or Non-Party that produces Disclosures or Discovery Material in this Proceeding.

k. "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

l. "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

m. "Receiving Party" means a Party that receives Disclosures or Discovery Material from a Producing Party.

2. <u>Scope</u>: The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or

at trial. Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. <u>Designating Protected Material</u>: Each Designating Party under this Order must take care to designate Protected Material in good faith and shall limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify the Receiving Party that it is withdrawing the inapplicable designation. Further, nothing herein waives or limits Receiving Party's rights to object to designations to such materials. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," to each page that contains protected material.

b. For testimony given in depositions, that the Designating Party identifies on the record the Protected Material before the close of the deposition. The Designating Party may designate the entirety of the deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL with the right to identify more specific portions of the deposition testimony as to which protection is sought within 30

days following receipt of the final deposition transcript. In circumstances where portions of the deposition testimony are designated as Protected Material, the transcript pages containing Protected Material may be separately bound by the court reporter, who must affix to the top of each page a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend, as instructed by the Designating Party.

   c. For information produced in some form other than documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL portions.

  5. <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified Disclosure or Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

  6. <u>Challenging Confidentiality Designations</u>: In the event that counsel for a Party receiving information in discovery designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific information to which each objection pertains, and the specific reasons and support for such objections. Any Party or Non-Party may challenge a HIGHLY CONFIDENTIAL or CONFIDENTIAL designation at any time that is consistent with the Court's scheduling order. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, or the Court otherwise

ruled that designation(s) are not appropriate, all Parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   <u>Access to and Use of Discovery Material</u>:  A Receiving Party may use Discovery Material (including without limitation Protected Material) that is disclosed or produced by another Party or by a Non-Party in connection with this Proceeding only for prosecuting, defending, or attempting to settle this Proceeding.  Such Discovery Material shall be used by the Receiving Party only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.  Further, such Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Proceeding has been terminated, a Receiving Party must comply with the provisions of Section 14(g) below.  Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.1.   <u>Disclosure of HIGHLY CONFIDENTIAL Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL only to:

a.   the Receiving Party's outside counsel of record in this Proceeding and regular and temporary employees of such counsel to whom it is necessary that the information be shown for the purposes of this litigation;

b.   from BASF and from HTA, in-house counsel who is assisting in the prosecution or defense of this Proceeding, whose job responsibilities are focused on litigation management, who are not involved in competitive decision-making ("Litigation In House Counsel"), subject to the following:

i.   Discovery Material designated as HIGHLY CONFIDENTIAL shall not be disclosed to Litigation In House Counsel unless and until such person has

executed an "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

   ii. the Parties shall take all necessary steps required to segregate any files or materials thereof containing HIGHLY CONFIDENTIAL information in a manner that protects the information from disclosure, whether intentional or inadvertent, to any individual and/or entity not designated in this Order as having access to HIGHLY CONFIDENTIAL information, including but not limited to all other employees and in-house counsel (other than Litigation In House Counsel) of BASF and HTA.

   iii. In the event of any change in the role of a Party's Litigation In House Counsel as of the date of the counsel's "Acknowledgment and Agreement to Be Bound" that would materially alter that agreement, the affected Party shall (a) suspend all access to HIGHLY CONFIDENTIAL information by such Litigation In House Counsel, and (b) within five business days, notify the other Party of the changed circumstances, and either cause the Litigation In House Counsel to execute a new "Acknowledgment and Agreement to Be Bound" or propose substitute Litigation In House Counsel consistent with the terms of this Order.  For the purposes of this Order, a change in the Litigation In House Counsel's role shall be deemed to be material if it includes responsibility relating to competitive decision-making.  The parties shall engage in good faith discussions to resolve any situation set forth in this Paragraph, but may present any disagreements to the Court for resolution.

  c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  d. the Court and its personnel;

  e. court reporters and their staff;

  f. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  g. professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Proceeding and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

      h.    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

    7.2.    <u>Disclosure of CONFIDENTIAL Information</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      a.    any persons who may receive HIGHLY CONFIDENTIAL information as specified above in Section 7.1; and

      b.    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Proceeding, upon signing the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

    8.    <u>Relief from Protective Order</u>:  Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

    9.    <u>Reservation of Parties' Rights</u>: Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

      a.    operate as an admission by any person that any particular Document, Testimony or Information marked CONFIDENTIAL or HIGHLY CONFIDENTIAL contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

      b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

          i.    to seek a determination by the Court of whether any particular Protected Material should be subject to protection as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Stipulation and Protective Order; or

          ii.    to seek relief from the Court on appropriate notice to all other

MEYLAN DAVITT
JAIN AREVIAN & KIM LLP

*PROTECTIVE ORDER*

Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular document, material, or information.

10. <u>Non-Party's Protected Material Sought to Be Produced in This Litigation</u>: Any information that may be produced by a Non-party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Stipulation and Protective Order, and any such designation by a Non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Non-party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

11. <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>: If any person subject to this Stipulation and Protective Order who has custody of any Protected Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Protected Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Protected Material, and/or seek to obtain confidential treatment of such Protected Material from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

12. <u>Unauthorized Disclosure of Protected Material</u>: If a Receiving Party learns

that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>: When a Producing Party gives notice to the Receiving Party that certain produced Discovery Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement into this Protective Order.

14. <u>Miscellaneous</u>:

    a. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Protected Material require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

    b. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Protected Material designated by that Party. If the Designating Party uses Protected Material in a non-confidential manner, then the Designating Party shall advise that the designation no longer applies.

    c. A Party that seeks to file under seal any Protected Material must

1  comply with Civil Local Rule 79-5. Protected Material may only be filed under seal
2  pursuant to a court order authorizing the sealing of the specific Protected Material at
3  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request
4  establishing that the Protected Material at issue are privileged, protectable as a trade
5  secret, or otherwise entitled to protection under the law. If a Receiving Party's request to
6  file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the
7  Court, then the Receiving Party may file the information in the public record pursuant to
8  Civil Local Rule 79-5(e) unless otherwise instructed by the court.

9           d.      The Parties shall meet and confer regarding the procedures for use
10 of Protected Material at trial and shall move the Court for entry of an appropriate order.

11          e.      Nothing in this Stipulation and Protective Order shall affect the
12 admissibility into evidence of Protected Material, or abridge the rights of any person to
13 seek judicial review or to pursue other appropriate judicial action with respect to any
14 ruling made by the Court concerning the issue of the status of Protected Material.

15          f.      This Stipulation and Protective Order shall continue to be binding
16 after the conclusion of this Proceeding and all subsequent proceedings arising from
17 this Proceeding, except that a Party may seek the written permission of the
18 Designating Party or may move the Court for relief from the provisions of this
19 Stipulation and Protective Order. ~~To the extent permitted by law, the Court shall~~
20 ~~retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective~~
21 ~~Order, even after the Proceeding is terminated.~~

22          g.      Upon written request made within thirty (30) days after the
23 settlement or other termination of the Proceeding, the undersigned Parties shall
24 have thirty (30) days to either (a) promptly return to counsel for each Designating
25 Party all Confidential Materials and all copies thereof (except that counsel for each
26 Party may maintain in its files, in continuing compliance with the terms of this
27 Stipulation and Protective Order, all work product, including pleading files and
28 deposition transcripts together with the exhibits marked at the deposition), (b) agree

with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Protected Material, or (c) as to any documents, testimony or other information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Protected Material. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

   h.  After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Protected Material that have been produced before the Court signs this Stipulation and Protective Order.

   i.  The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different protective order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Protected Material under the terms herein.

**It is so ORDERED this 1st day of March, 2021**

*/s/ Alicia G. Rosenberg*
_____
**Honorable Alicia G Rosenberg**
**United States Magistrate Judge**

# EXHIBIT A ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Honda Trading America Corporation v. BASF Corporation*, CASE NO. 2:20-cv-04375 JWH (AGR), I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____